**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL CASE NO.  5:26-MJ-3172-EBA

IN THE MATTER OF CRIMINAL
COMPLAINT FOR DAMIEN PORTER

**AFFIDAVIT IN SUPPORT OF A CRIMINAL**
**COMPLAINT**

**\* \* \* \* \* \* \* \* \***

I, Todd Phillips, a Special Agent of the Federal Bureau of Investigation ("FBI"), having been first duly sworn, do hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Task Force Officer ("TFO") with the Federal Bureau of Investigation ("FBI"). I am also a Sergeant over the Gang Unit at the Lexington Police Department ("LPD"). I have been in law enforcement for 22 years, 5 months. Over 20 years of my career has been working gangs and organized/enterprise crime. I have had extensive training in police intelligence, investigations, gangs, guns, drugs and police tactics.  I am considered a gang expert in most courts in the state of Kentucky and have testified as a gang expert in Federal Court.  My current role is as a Task Force Officer with the FBI's Safe Streets Squad extending my responsibilities in investigating enterprise crime.

2.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the issuance of a criminal complaint for Damien Porter ("Porter, aka "Pluto"). Based on the facts set forth in

this affidavit, there is probable cause to believe that Porter violated 21 U.S.C. § 841(a), relating to the distribution of a mixture or substance containing fentanyl.

**PROBABLE CAUSE**

3.    On August 22, 2025, LPD Narcotics Enforcement Unit ("NEU") observed Porter conduct a hand-to-hand transaction with a customer. Specifically, the NEU detective observed Porter meet with a subject who arrived at the same parking lot as Porter in a separate vehicle. The driver of the second vehicle (hereafter, "Customer 1") exited their vehicle and entered the passenger seat of Porter's vehicle for a very brief moment. Customer 1 then exited Damien Porter's vehicle, returned to their vehicle, and then left the parking lot. The detective recognized this transaction as indicative of a narcotics transaction—an observation also informed, in part, from past surveillance of Porter as part of an ongoing narcotics trafficking investigation. In addition, the detective who observed the transaction has extensive experience in narcotics investigations, allowing him to recognize markers of drug transactions, including arrival at a public location in separate vehicles and a brief meeting in one of the two vehicles. Based on this observation, NEU requested that LPD patrol officers make a traffic stop on Customer 1 to further investigate. LPD seized 8.76 grams of suspected fentanyl from Customer 1 during that traffic stop. Customer 1 confirmed that they purchased the drugs from Porter. A Kentucky State Police ("KSP") laboratory confirmed the presence of fentanyl in the narcotics seized during the traffic stop.

4.    On September 17, 2025, NEU again observed Porter conduct a hand-to-hand transaction with a customer (hereafter, "Customer 2"). On this date, law enforcement also had a tracker on Porter's vehicle, one of two vehicles then known by law enforcement to be used by Porter in drug trafficking activity. Further, the NEU detective recognized Porter from

previous drug trafficking investigation and surveillance activities. On September 17, 2025, the NEU detective specifically observed Customer 2 arrive at the same parking lot as Porter in a separate vehicle; exit their vehicle and enter the passenger seat of Porter's vehicle for a very brief moment; exit Porter's vehicle and return to their vehicle; and then leave the parking lot. The NEU detective who observed the transaction has extensive experience in narcotics investigations, allowing him to recognize markers of drug transactions. Based on this observation, NEU requested LPD Patrol conduct a traffic stop on Customer 2 to further investigate. LPD seized 14.45 grams of suspected fentanyl during the traffic stop of Customer 2. Customer 2 confirmed that they purchased the drugs from Porter and even went as far as to claim Porter must have set them up to get stopped. KSP laboratory confirmed the presence of fentanyl in the narcotics seized during the traffic stop.

5.    Local authorities charged Porter with the two drug offenses in early 2026. On March 5, 2026, LPD arrested Porter for these offenses. During LPD's apprehension of Porter, Porter fled.

## CONCLUSION

6.    For the reasons stated herein, I submit that this affidavit supports probable cause that Damien Porter violated 21 U.S.C. § 841(a), relating to the distribution of a mixture or substance containing fentanyl.

Respectfully submitted,

Todd Phillips, by EBA with affiant's permission
Todd Phillips
Task Force Officer
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me this <u>13</u> day of August 2026.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge

United States Magistrate Judge
Eastern District of Kentucky